UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA          :

v.                                :          CR No. 19-cr-123-JJM-PAS

KARISSA CAVE

DEFENSE SENTENCING MEMORANDUM

INTRODUCTION AND TRAVEL

      The defendant is a 25-year-old woman who has pleaded guilty to one count of receipt of child pornography. The indictment only charged the single count. The presentence report (PSR) provides the data for a brief chronology of events in this case. One of the major issues in the sentencing is the defendant's contention that she should receive credit for the time she has spent in custody and the fact that she was physically housed in the Rhode Island Department of Corrections adult correctional institutions does not lead to a contrary conclusion. The chronology is set forth below with a reference to the source of the information.

      February 3, 2017, the defendant is arrested by local law enforcement officials. See paragraph 18 the Presentence Report [hereinafter PSR].

      October 27, 2017, a criminal complaint is filed in this court. See PSR at p. 3.

      November 9, 2017, the defendant is arrested. She makes an initial appearance before this Court and is released on $10,000 unsecured bond. See PSR at p. 3.

      February 27, 2018, the defendant's bond is revoked, and she is remanded into custody at the Adult Correctional Institution. PSR at page 1. The defense believes she has remained in custody since that remand on February 27, 2018.

February 26, 2020, the defendant pled guilty to the single count indictment. PSR at page 1.

There are no detainers or pending charges against the defendant as of the date of the presentence report. PSR at page 1. The defense is not aware of any detainers or pending charges subsequent to that date. The defendant reports that initially she was sent to the ACI for about three months, then transferred to the Wyatt detention facility, for about nine months and then was sent back to the ACI where she has since remained. She believes the reason for these transfers was the desire of the custodial officials to keep her and another inmate in a related case separated.

CREDIT FOR TIME IN CUSTODY FROM FEBRUARY 27, 2018

The defense asks that this Court make a finding that the defendant receive credit on the sentence imposed in this case for all the time that she has been in custody since February 27, 2018. This issue was raised on the date of the defendant's change of plea, February 26, 2020. See transcript of hearing at pages 19 to 20. The defense requests that the transcript of the change of plea hearing on February 26, 2020, be made part of the record. Attachment 1 to this memorandum includes pages 19 and 20 of the transcript.

At that hearing, this Court noted that defense counsel, "… wanted to make sure that you would get full credit against your sentence when it occurs for all the time that you spent so far incarcerated." Transcript of February 26, 2020, hearing at p.19. The Court went on to say, "I think-- I know that we are all in agreement that you should." Id. The court went on to say, "… it is this Court's intent to ensure that your -- that you receive full credit for all the time that you have been incarcerated on this charge." Id.

2

THE SPECIAL ASSESSMENT OF $5,000 PER COUNT IS INAPPLICABLE

The defense contends the special assessment of $5000 per count, referenced in paragraph 109 of the presentence report is inapplicable because the conduct alleged in this case predated the December 7, 2018, enactment of the statute concerning the $5000 assessment.

CONCLUSION

The defendant accepts full responsibility for her actions in this case. Her troubled past is well chronicled in the presentence report. It does not excuse the conduct but provides a context for determining the appropriate sentence. She comes before the court both as a convicted felon and as a victim. Her period of incarceration has been difficult because of the nature of the charge against her. Her outlook remains positive and provides hope for a successful future. She has maintained close contact with her family who will clearly provide support for her when she is released from prison. Her mother is expected to attend the sentencing and request permission to make a short statement or submit a letter.

The presentence report places the guideline range at 70 to 87 months based on a total offense level of 27 and a criminal history category of 1. There is a mandatory minimum five year sentence. The defense asks this court to give the defendant credit for the time she has already served and impose a five-year sentence. That is slightly below the guideline range, but the departure is warranted in light of the defendant's background

and the fact that the total offense level includes a two point enhancement resulting from the video used.

        KARISSA CAVE

        By her attorney,

        /s/ Robert B. Mann
        Robert B. Mann  0153
        One Turks Head Place, Suite 610
        Providence, RI 02903
        (401) 351-5770
        Fax: (401) 521-4305
        rmann@rbmann.com

## CERTIFICATION

I hereby certify that I delivered a copy of the foregoing, by way of ECF filing and/or email to DENISE BARTON, AUSA, on the 14th day of March 2022.

        /s/Robert B. Mann
        Robert B. Mann