UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| UNITED STATES OF AMERICA | |
|---|---|
| v. | CR No. 19-00123-JJM-PAS |
| KARISSA CAVE | |

GOVERNMENT'S SENTENCING MEMORANDUM

The Government recommends a 60-month term of imprisonment for the Defendant Karissa Cave, followed by a 10-year term of supervised release. This case and this Defendant's conduct exemplifies the manner in which children depicted in child sexual abuse material (CSAM) continue to be harmed long after the act or acts of molestation depicted in the CSAM.

The Defendant was aware that her boyfriend, J.A., was sexually interested in children. She admitted that he had told her that he was a pedophile. See PSR, ¶ 1. Yet, with this knowledge, over the two days before the Defendant asked J.A. to send her the CSAM video of Minor Victim #1, the Defendant and J.A.. engaged in sexually graphic chats about how she should "groom" an eight-year-old family member for sexual molestation by her and J.A., and having that child spend the night with them. See PSR ¶ ¶ 19-20.

After two days of intermittently chatting about how she and J.A. could abuse this eight-year-old family member, the Defendant asked J.A. for a specific video of another child, a toddler. In making the request, she identified the depicted toddler by name, and

1

asked "can you send it now." After receiving the requested video of the named toddler, the Defendant asked if there were other video/images, "Is there anymore," and J.A. obliged by sending an image of other children. The Defendant then clarified her prior request, asking about more videos of the specific child in the video that she had identified by name. The ensuing chat between the Defendant and J.A. is, in a word, *revolting*. The Defendant described aspects of the child's genitalia that were attractive to her, described sexual acts that she wished to do with a toddler-aged child, and said "I really wanna play with her." The Defendant also asked J.A. if there was a website she could access to watch similar type material. See PSR ¶ 17.

The Defendant's claim that she was only making these sexual statements about the depicted toddler to keep J.A. interested in her does not negate or minimize the offense conduct. Regardless of the reason for her request, the Defendant and J.A. revictimized the toddler by first, viewing the video depicting the abuse of the toddler, and second, by using this video as a means to plan further molestation of the child and/or to masturbate. If the Defendant was seeking the video of the toddler molestation and engaging in graphic chats about child molestation to sustain her pedophile boyfriend's waning interest, such a reason does not mitigate her conduct. If true, the Defendant's actions showed callous disregard for the safety of innocent children, all to benefit her dysfunctional relationship with her boyfriend.

Courts have recognized that the penalties for the crime of receipt of child pornography, are properly set higher than those for possession of child pornography

2

due to the harm that results to the depicted children from the continued circulation of the CSAM images.

> Possession of child pornography, while heinous in its own right, does not necessarily spread the harm beyond the possessor himself, whereas receiving materials that have been shipped in interstate commerce is conduct more closely linked to the market for child pornography. . . . This closer link to the market and its attendant harms is important because "[a] person who receives these images 'furthers the market ... *whether or not* the person retains them. . . .

United States v. Wheelock, 772 F.3d 825, 831 (8th Cir. 2014) (citations and quotations omitted). See also United States v. McElroy, 353 Fed. Appx. 191, 193 (11th Cir. 2009) (As we have previously emphasized, however, [t]he distribution of photographs and films depicting sexual activity by juveniles is intrinsically related to the sexual abuse of children[,] ... and the harm to the child is exacerbated by their circulation.) (citation and quotation omitted). The Defendant's actions in this case, including her chats with a known pedophile, presented a further risk to the toddler depicted in the CSAM material at issue in this case and to other children.

The Government recognizes that the Defendant has suffered many struggles in her short life, and the recommended sentence has considered the challenges that she has faced. Due to her history, the Government recommends a term of 10 years of supervised release to give her the support and tools that she will most certainly need to re-integrate

into society following her term of incarceration, and to ensure that she will lead a law-abiding life, regardless of any negative influences that may come into her life.

Respectfully submitted,

ZACHARY A. CUNHA
UNITED STATES ATTORNEY

*Denise M. Barton*

DENISE M. BARTON
Assistant U. S. Attorney
U. S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000
denise.barton@usdoj.gov

**CERTIFICATION OF SERVICE**

On this 15th day of March 2022, I caused the within Sentencing Memorandum to be filed electronically and it is available for viewing and downloading from the ECF system.

/s/Denise M. Barton
DENISE M. BARTON
Assistant U.S. Attorney
U.S. Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
Email: denise.barton@usdoj.gov